# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

   v.                                            Case No. 11-CR-149

**BRIAN KLEMME**
        Defendant,
  and

**ANN KLEMME**
        Third-party petitioner.

## DECISION AND ORDER

In this ancillary proceeding petitioner Anne Klemme ("petitioner"), the mother of defendant Brian Klemme ("defendant"), seeks possession of a shotgun forfeited in defendant's criminal case. The government moves to dismiss her petition. I first set forth the background of the case before addressing the government's motion.

## I. BACKGROUND

### A. The Underlying Case

On July 12, 2011, the government charged defendant with two counts of making false statements to a licensed firearms dealer (counts one and two), contrary to 18 U.S.C. § 922(a)(6), and possessing a firearm as an unlawful drug user (count three), contrary to 18 U.S.C. § 922(g)(3), and a felon (count four), contrary to 18 U.S.C. § 922(g)(1). The charges arose out of two separate incidents.

The first occurred on March 5, 2011, when City of Milwaukee police officers arrested defendant, seizing drugs, a pistol, and a silencer from his car. Officers also recovered

paperwork regarding defendant's acquisition of the firearms, which revealed that in filling out the required forms on April 1, 2010, he falsely denied being an unlawful drug user. These false statements formed the basis for counts one and two of the indictment, and the pistol defendant possessed the basis for count three. Defendant was charged in state court with drug offenses arising out of this arrest, pleading guilty to felony possession charges on June 13, 2011. As of that date, he was a convicted felon. (Plea Agreement [R. 10] at 3-6.)

The second incident occurred on June 24, 2011, when ATF agents traveled to defendant's home in Sheboygan, Wisconsin to question him about the pistol and silencer he acquired in April 2010. During the questioning, defendant admitted that he had a shotgun in the basement of the home he shared with his father. Agents observed other long guns in a gun cabinet, but defendant stated those were his father's. While in the basement, agents also observed a quantity of marijuana. Agents subsequently obtained a search warrant for the house, seizing eleven long guns, including the shotgun, as well as a number of drug-related items. The seizure of the shotgun formed the basis for count four of the indictment.[1] (Id. at 6-7.)

On September 14, 2011, defendant pleaded guilty to counts one and three of the indictment. As part of his plea agreement, he agreed to the forfeiture of the properties listed in the forfeiture provision of the indictment, including the Browning model Maxus 12 gauge shotgun seized from his Sheboygan residence on June 24, 2011. (Id. at 12-13; Indictment [R. 4] at 5.) On December 23, 2011, I entered a preliminary order forfeiting defendant's interest in the Browning shotgun and dismissing two other firearms listed in the indictment. On January

---

[1]Defendant was also charged in state court with possession of marijuana and drug paraphernalia arising out this incident, pleading guilty to those charges in October 2011.

2

20, 2012, I sentenced defendant to 14 months in prison, and the government filed a notice of forfeiture of the shotgun on February 14, 2012. In that notice, the government advised that anyone claiming an interest in the shotgun had to file a petition, signed under penalty of perjury, setting forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the forfeited property, any additional facts supporting the petitioner's claim, and the relief sought. (R. 28 at 1.)

**B.    The Ancillary Proceeding**

On March 14, 2012, petitioner filed a letter "requesting entitlement" to the Browning shotgun.[2] (R. 30 at 1.) In the letter, she stated that defendant, her son, "turned ownership of the shotgun [over to her] along with the balance on the Gander Mountain charge account." (Id.) She did not specify when defendant turned over the gun but stated that between October 2011 and February 2012 she made "a total of $522.98 worth of payments on this account to pay it in full." (Id.) She further indicated that the shotgun was in the "possession of Joel Klemme" at an address in Sheboygan and "was to have been moved to another location as [defendant] was on parole," but this "was not done by Joel as he was asked." (Id.) U.S. Marshals "took possession of all guns and ammunition on the property," but some were determined to be his (presumably Joel Klemme's) property and were to "be returned to him." (Id.) Petitioner concluded: "Our family has always been a deer hunting family. This was the sole purpose of this shotgun. I hope you will consider my request for this ownership." (Id.)

On April 13, 2012, the government filed a letter pointing out deficiencies in petitioner's

---

[2] Defendant's father, Joel Klemme, also filed a letter seeking the shotgun, but I dismissed his claim on July 16, 2012. (R. 44 at 2.)

3

submission, including that it was not signed under penalty of perjury and provided insufficient detail regarding the nature and extent of her interest in the property, as required by 21 U.S.C. § 853(n)(3). However, in view of her pro se status, the government advised that it would not object to her filing of a proper petition on or before April 25, 2012. The government indicated that if she failed to do so, it would move to strike her petition and seek entry of a final order of forfeiture. If she did file a legally sufficient petition on or before the April 25, the government indicated that it intended to seek discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B). On April 24, 2012, petitioner re-filed the same letter but with an attached notarized declaration page. (R. 38.)[3]

On June 27, 2012, I ordered the government to provide an update on the status of petitioner's claim. On July 6, 2012, the government moved to dismiss her petition. (R. 40.)

On July 11, 2012, petitioner filed a letter regarding "the dismissal" of her third party claim.[4] (R. 43 at 1.) In the letter, she stated that defendant "turned the gun over to [her] on March 7, 2011." (Id.) At that time, she stated, he needed funds for an attorney,[5] which she provided, taking his shotgun "in payment for attorney's fees" to try to "teach him a lesson." (Id.) He was "to continue making payments on a gun we possessed" but did not follow through, and

---

[3]She also attached e-mail correspondence between herself and an AUSA regarding the case. In her e-mail, petitioner stated: "There was a balance left on this account by Brian Klemme which I have been making the payments to Gander Mountain as he turned the possession and ownership of this gun over to me. Along with the outstanding balance." (R. 38 at 3.) However, she did not specify when defendant turned the gun over to her.

[4]Petitioner seemed to believe that the government's motion dismissed her claim. As I explained in a later order, the government had only made a motion; the court would decide. (R. 44 at 1.)

[5]Presumably, petitioner here referred to the attorney who represented defendant in the state drug case following his March 5, 2011 arrest in Milwaukee.

4

in the end she "also paid those bills."  (Id.)

As the letter contained new information regarding petitioner's acquisition of the shotgun, I permitted the government to file a reply.  The matter is now ready for decision.

## II.  DISCUSSION

### A. Applicable Legal Standards

Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in property subject to a preliminary order of forfeiture may within thirty days of final publication or receipt of notice petition the court for a hearing to adjudicate the validity of her alleged interest in the property.  The statute further provides that:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3).

If a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding. Fed. R. Crim. P. 32.2(c)(1).  In such a proceeding, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason.  For purposes of the motion, the facts set forth in the petition are assumed to be true."  Fed. R. Crim. P. 32.2(c)(1)(A).  If the petition is not dismissed, the court may before conducting a hearing on the petition permit the parties to conduct discovery and, when discovery ends, a party may move for summary judgment.  Fed. R. Crim. P. 32(c)(1)(B).

Ultimately, in order to obtain relief, the petitioner must at a hearing demonstrate by a preponderance of the evidence that:

5

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section[.]

21 U.S.C. § 853(n)(6). When the ancillary proceeding ends, the court must enter a final order of forfeiture amending the preliminary order as necessary to account for any third-party rights. Fed. R. Crim. P. 32.2(c)(2).

**B.   Analysis**

The government argues that the original petition[6] is subject to dismissal for lack of standing and failure to state a claim because it does not set forth when and how petitioner obtained an ownership interest in the shotgun, nor does it properly allege that she was a bona fide purchaser for value. The government further argues that the July 11, 2012 letter cannot serve as an amended petition, as it asserts a new basis for relief after expiration of the thirty day period and is not signed under penalty of perjury. Even if accepted as an amendment, the government contends that the July 11, 2012 letter still fails to include sufficient allegations under 21 U.S.C. § 853(n)(3).

I agree that the July 11, 2012 letter cannot serve as an amended petition curing

---

[6]As discussed above, petitioner first filed a letter seeking the shotgun on March 14, 2012. After the government pointed out the deficiencies in her letter – but indicated that it did not oppose the filing of a legally sufficient petition on or before April 25, 2012 – petitioner re-filed the letter, with a notarized declaration, on April 24, 2012. The two letters are identical in content, but for the sake of clarity – and to distinguish it from the July 11, 2012 letter – I will refer to the April 24, 2012 notarized letter (R. 38) as the "original" petition.

6

deficiencies in the original. Most significantly, it is not signed under penalty of perjury, a requirement of which petitioner was advised both in the notice of forfeiture and the government's April 13, 2012 letter, and with which courts "require strict compliance." United States v. Burge, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011); see, e.g., United States v. Owens, No. 1:09-cr-0089, 2010 WL 583910, at *3 (S.D. Ind. Feb. 12, 2010) (dismissing where the petitioner failed to sign under penalty of perjury despite being advised of this requirement). The letter also sets forth what appears to be a new basis for relief in response to the government's motion to dismiss, contrary to the deadlines set forth in § 853(n)(2). See United States v. Soreide, 461 F.3d 1351, 1355 (11th Cir. 2006) (citing United States v. Strube, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (denying claims of third parties as untimely when those claims were not made in petitions but in response to government's motion to dismiss)).[7]

The original petition is subject to dismissal under § 853(n)(3) and Rule 32.2(c)(1)(A), as it fails to specify the time and circumstances of petitioner's acquisition of right, title, or interest

---

[7]Even if I could overlook the fact that the July 11, 2012 letter was not signed under penalty of perjury, the letter does little to clarify petitioner's standing and interest. Petitioner states that defendant "turned that gun over to [her] on March 7, 2011" (R. 43 at 1), but she does not explain whether defendant sold her the gun or whether he gave it to her as some form of security for her payment of his attorney's fees. That defendant was "to continue making payments" on the gun suggests that he maintained ownership, and the letter sets forth no facts suggesting a valid perfected security interest. The letter thus fails to allege a legal right, title, or interest vested in petitioner rather than defendant. See, e.g., United States v. Armstrong, Criminal No. 05-130, 2007 WL 7335173, at *4 (E.D. La. June 1, 2007). Nor, if defendant gave the gun to petitioner without consideration, could she qualify as a bona fide purchaser for value. See, e.g., United States v. Allmendinger, No. 3:10CR248, 2012 WL 966615, at *2 (E.D. Va. Mar. 21, 2012) (collecting cases holding that the recipient of a gift is not a bona fide purchaser). Finally, the claim in the July 11, 2012 letter that defendant turned the gun over to petitioner in March 2011 contradicts the undisputed fact that defendant was still in possession of the gun (at his father's Sheboygan residence) in June 2011, when it was seized by law enforcement. Indeed, in her original petition, signed under penalty of perjury, petitioner acknowledged that the shotgun was seized from this residence, and that "it was to have been moved to another location as Brian was on parole." (R. 38 at 1.)

7

in the shotgun. See United States v. Ginn, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (dismissing where the petitioners failed to state the time of acquisition or to provide any facts that would be sufficient for a finding that their asserted interests were valid). The original petition could be read to suggest that petitioner acquired her interest in October 2011, when she began making payments on the credit account, but this was after defendant had been arrested, charged, convicted, and agreed to the forfeiture of the shotgun. Thus, the petition does not allege that right, title, or interest in the property was vested in petitioner rather than defendant at the time of the commission of the acts giving rise to the forfeiture of the property.

Nor does the original petition sufficiently allege that petitioner was a bona fide purchaser without cause to believe that the property was subject to forfeiture. As noted, a person who receives property subject to forfeiture as a "gift" cannot be a bona fide purchaser for value. E.g., United States v. Kennedy, 201 F.3d 1324, 1335 (11th Cir. 2000). To the extent that her assumption of defendant's debt on the shotgun in October 2011 constitutes the provision of value, by that point petitioner had cause to believe the gun was subject to forfeiture, as this was after defendant had been arrested, indicted, convicted, and agreed to forfeiture of the gun in the federal case. See United States v. Baker, No. 3:10-CR-00018, 2011 WL 3860500, at *4 (D. Ore. Aug. 31, 2011) (finding that the defendant's father did not qualify as a bona fide purchaser where he knew the defendant had been arrested for engaging in criminal activity and knew there was a possibility the property could be connected to the criminal activity). As indicated in the original petition, petitioner knew that defendant should not have had the gun in his residence in June 2011 because he was on supervision (related to his state felony drug case).

8

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion to dismiss (R. 40) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 1st day of October, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge